Milton PROWELL, Plaintiff–Appellee,

v.

Ann Lacey PARKS and Columbia Action Properties,
Defendants–Appellants.

Supreme Court of Tennessee,
at Nashville.

March 20, 1989.

James T. DuBois, Dalton M. Mounger, DuBois and Mounger, P.C., Columbia, for defendants-appellants.

Stephen Crofford, Nashville, for plaintiff-appellee.

## OPINION

COOPER, Justice.

This appeal presents the issue as to whether T.C.A. § 62–13–105 prohibits any action to recover a real estate commission, including an action based on promissory fraud, by a person not licensed as a real estate broker.

Milton Prowell filed this action to recover one-half of the real estate commission paid the defendants from the sale of the Riddley farm on the bases of contract, quantum meruit, and promissory fraud. The trial court dismissed the complaint on Rule 12 motion of the defendants. No issue was made of the dismissal of the contract or quantum meruit claims. Plaintiff appealed the dismissal of the count based on promissory fraud, with the result that the Court of Appeals reinstated the promissory fraud count and remanded it for trial. Defendants insist this was error, that T.C.A. § 62–13–105 prohibits a lay person from maintaining a cause of action to recover damages predicted upon an agreement to share a real estate sales commission.

In support of his charge of fraud, plaintiff avers in the complaint that he had no knowledge of any prohibition against a person other than a licensed real estate broker being paid a commission on the sale of real estate, that Ms. Parks, a licensed real estate broker, knew of the prohibition, and knowingly and fraudulently made representations that she would share her commission with plaintiff if he found a buyer for the Riddley property. He avers that at the time Ms. Parks made the representation, she had no intention of paying the commission which she had agreed to pay, that he relied upon the representations and pursuant to the agreement obtained the buyer for the property.

Tennessee Code Annotated § 62–13–103 provides that:

(a) Any person who, directly or indirectly for another, with the intention or upon the promise of receiving any valuable consideration, offers, attempts or agrees to perform, or performs, any single act defined in § 62–13–102, whether as a part of a transaction, or as an entire

transaction, shall be deemed a broker or affiliate broker within the meaning of this chapter.

(b) The commission of a single such act by a person required to be licensed under this chapter and not so licensed shall constitute a violation thereof.

"Broker" is defined in Tennessee Code Annotated § 62–13–102(2)(A) as:

"... [A]ny person who for a fee, commission, finders fee or any other valuable consideration, or with the intent or expectation of receiving the same from another, solicits, negotiates or attempts to solicit or negotiate the listing, sale, purchase, exchange, lease or option to buy, sell, rent, or exchange for any real estate or of the improvements thereon or any time-share interval as defined in the Tennessee Time–Share Act, compiled in chapter 32 of title 66 collects rents or attempts to collect rents, auctions or offers to auction, or who advertises or holds himself out as engaged in any of the foregoing[.]"

Any person who acts as a "broker" without first obtaining a license is guilty of a misdemeanor and is subject to being fined and being confined in the county jail for a term not to exceed one year. *See* T.C.A. § 62–13–110(a). But, more relevant to this case is the statutory denial of access to the courts of this state to such persons where they seek to recover compensation for their activities as a broker.

Tennessee Code Annotation § 62–13–105 provides that:

No action or suit shall be instituted, nor recovery be had by any person, in any court of this state for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this chapter to other than licensed brokers or affiliate brokers unless such person was duly licensed hereunder as broker or affiliate broker at the time of performing or offering to perform any such act or service or procuring any promise or contract or the payment of compensation for any such contemplated act or service.

The activities of the plaintiff that form the predicate of the action brought by him as described in his complaint are within the ambit of the definition of "broker." Plaintiff admits that he was neither a licensed broker nor a licensed affiliate broker at the time he performed these activities, but insists that he can maintain an action for fraud and deceit, citing *Dickerson v. Sanders Manufacturing Company,* 658 S.W.2d 535 (Tenn.App.1983), wherein the court had the following to say:

Second, does plaintiff have a cause of action for fraud and deceit despite T.C.A. § 62–13–105? The Act is broad, covering almost all forms of compensation. Nevertheless, we are of the opinion that the legislature cannot have intended that T.C.A. § 62–13–105 be employed as both a sword and a shield by unscrupulous persons knowledgeable of the requisites and sanctions of the Act. Fraud and deceit in which the Act is purposefully used to avoid payment should not be ignored by equity.

As is pointed out by the Court in *Dickerson,* the allegations of the complaint were not sufficient to raise the issue of fraud; consequently, the above statement can be classed only as an observation—one that is appealing but not in tune with the strongly expressed intent of the legislature to deter unlicensed persons from performing activities within the statutory definition of a real estate "broker." To deter such activity, the legislature not only made the activity a crime, but elected to deny the unlicensed broker access to the court where the prohibited activities are the core of the action, however the action may be denominated. No exception is voiced in T.C.A. § 62–13–105, nor can one be engrafted onto the statute without weakening the deterrence sought by the legislature by its passage.

Plaintiff argues that to deny him access to the courts in this case will have the effect of protecting a licensed real estate agent who has committed fraud upon plaintiff. That may be so, but it in no way changes the fact that the plaintiff acted as a broker, though he had no license to do so, and that one penalty for his actions is

denial of access to the courts of this state. Further, we would point out that if in fact the defendants did what the plaintiff avers they did, they are subject to discipline by the Tennessee Real Estate Commission, which could include the loss of their broker's licenses. *See* T.C.A. § 62–13–312.

The judgment of the Court of Appeals is reversed. The judgment of the trial court dismissing the action is affirmed. Costs are adjudged against plaintiff and his surety.

DROWOTA, C.J., and FONES, HARBISON and O'BRIEN, JJ., concur.